THE STATE OF FLORIDA ex rel. FRED H. DAVIS, Attorney-General, E. A. STOUT and E. L. STERLING, *Relators*, v. CITY OF EAU GALLIE, a Florida Municipal Corporation, *Respondent.*

Division B.

Opinion filed March 18, 1930.

Petition for rehearing denied April 17, 1930.

580

*Pat Johnston,* for Relator;

*Giles J. Patterson,* for Respondent.

WHITFIELD, P. J.—An information in the nature of a *quo warranto* was on May 10, 1929, filed in this Court with the Attorney General and two individual citizens as co-relators. It is alleged that the respondent is a municipal corporation of the State of Florida, which, prior to the enactment of Chapter 9744, Acts of 1923, and Chapter 10545, Acts of 1925, was in existence in the State of Florida and designated as the Town of Eau Gallie, Florida, having as its boundaries a described area quite limited in extent; that Chapter 9744, Acts of 1923, abolished the municipality known as Town of Eau Gallie and created a municipality designated as City of Eau Gallie, with described boundaries, limited in area; that by Chapter 10545, Acts of 1925, an ineffectual attempt was made to further extend the corporate limits of the City of Eau Gallie, so as to include a greatly increased described area;

that the co-relators and others are owners of described lands included within the limits of said municipality as attempted to be extended and not included in the original limits of said municipality; that described lands embraced in the territory attempted to be annexed to the City of Eau Gallie by Chapter 10545,

"Is in each and every instance rural land, far re-removed from the convenience and advantages of city life, in some instances being situated three or four miles from the city limits of the original city and 4 or 5 miles from the built up portion of said munici-pality, and although the same are assessed by the City of Eau Gallie for taxation at a value greatly in excess of its real value, and the same are being taxed by the municipality of Eau Gallie to support the city government, and for the purpose of paying off in-debtedness created by and for the sole benefit of the old municipality prior to the attempt to incorporate said territory within the extended boundaries of said municipality, the said City of Eau Gallie has made no improvements whatever on said property or any portion thereof by way of building streets, sidewalks or roads, or the laying out or grading or hard-surfac-ing of any streets or roads; that no sewers have been laid or water mains placed or poles or wires placed for electric lights in any of said territory; and that no improvements whatever have been made or are even in contemplation by the said municipality within said territory; that no benefits whatsoever have accrued to said property or any portion thereof, or to any of the owners of said property, and none are probable or con-templated, thereby denying said property owners the equal protection of the laws and the enjoyment of their property, and denying them the benefit of resorts

to the courts for the injuries done to them and their said lands by the constant taxation thereof for city purposes, without the probability of receiving any benefits, and depriving them of their property without due process of law; that such taxation amounts to the taking of the property without just compensation, and is confiscatory and in violation of the property rights of the co-relators who are citizens of the State of Florida; that the said Acts of the Legislature and the exercising of corporate functions thereunder by the City of Eau Gallie violates Sections 1 and 5 of Article 9 of the Constitution, in that the property of the co-relators hereinbefore mentioned is too remotely located from the built-up portion of the municipality to receive any benefits therefrom.''

There are other allegations tending to show a violation of the rights of the co-relators upon the principles stated in State ex rel. v. City of Stuart, 97 Fla. 69, 120 So. R. 335; State v. City of Sarasota, 92 Fla. 563, 109 So. R. 473. The prayer is that:

''The respondent answer to the said State and to co-relators herein by what warrant or authority of law it claims to exercise, employ and perform the functions, powers, privileges and franchises of a municipality in, upon and over the lands of the co-relators hereinbefore set forth and described, and that the Court will declare that the said City of Eau Gallie is unlawfully usurping, exercising and enjoying the functions, privileges, powers and franchises of a municipality over said land, contrary to the Constitution and laws of the State of Florida, and that it be ousted therefrom.''

By answer the respondent municipality:

"Denies that in each and every instance the parcels of land in the annexed territory are rural in character, and this defendant denies that the property owned by the co-relators is rural land. On the contrary this defendant says that the lands of said E. A. Stout are and have been utilized by him for some years past as a tourist camp, operated for profit to the owner, at which camp he has located numerous houses, buildings, filling stations, etc., and is operating the same for profit; that the patronage of said camp is largely increased by reason of its proximity to the principal business section of this defendant, and that the patrons of said camp utilize the business houses, post office, and other facilities of the said town of Eau Gallie while stopping at such camp. Defendant further denies that the same is far removed from the conveniences and advantages of city life, and says that same is located on a main State highway, just north of the principal business section of said town and close enough to it to permit the use of the facilities of said town as above outlined, and that the revenue from said camp is thereby greatly increased above what it would be otherwise; that defendant would further show that said property was formerly owned by the co-relator E. L. Sterling; that the said E. L. Sterling operated a tourist camp upon said property for many years; that the said E. L. Sterling sold said property, together with the camp appurtenances, to E. A. Stout during the year 1925, and said E. A. Stout continued to operate said camp for tourists and is still operating the same as hereinabove more specifically set forth; that E. A. Stout is not at present residing in the State of Florida, but said camp is being

conducted and operated on his behalf by the co-relator, E. L. Sterling, as his manager and agent. Defendant further denies that the properties of the co-relator are taxed principally for the paying off of indebtedness created for the sole benefit of the old municipality prior to the extension of the boundaries. On the contrary, this defendant says that a large portion of the taxes levied against said property were made necessary by reason of bonds of the City of Eau Gallie issued as hereinafter set forth, after the extension of said boundaries, the issuance of which bonds were submitted to a vote of the electorate of said town, and that by far the larger portion of the taxes levied are for the expense of administering the city affairs, including the payment of salary of mayor, council, city clerk, fire department, and other city functionaries. Defendant also denies that the city has made no improvement whatsoever in the portion of the property included within the extended boundaries. On the contrary this defendant says that one of the main streets of this defendant extends out to and connects with State Highway No. 4, and is paved for a block or more beyond the former city limits; that in addition to this paving the city has constructed curbing and gutters on either side of said pavement and sidewalks, and that the city has expended some money in improving a road running west from said old city limits into the territory so annexed to it. Defendant further denies that the property of the co-relators is too remotely located from the built-up portion of the municipality to receive any benefits, but on the contrary is immediately adjacent to it, and that the same forms one contiguous body of land bounded on the south by a creek, as shown on the maps

attached to the information. That there are no natural water courses or other obstacles between the business section and the principal residential sections of the said town and the portion contained in the annexed territory, but all the territory included within the boundaries of the city as extended are of the same general physical character. Defendant says that the population of the annexed territory amounts to approximately two hundred people, and that there are forty or fifty voters who are residents therein; that these facts are shown by reference to the voting records of said city; that among persons living in the annexed territory are the mayor and the city clerk who are now acting as officials of the City of Eau Gallie; that at an election held on September 14th, 1925, five inhabitants of the annexed territory voted on the question of whether or not the city should issue $250,000.00 of bonds of said city. This election was held after due notice to all persons entitled to vote therein, and was confined by the terms of the statute to freeholders residing in that territory. That on the 13th day of November, 1925, sixteen residents of the annexed territory voted in the city municipal primary, out of a total of one hundred seven votes cast in such primary; that on April 16th, 1926, seven residents of said annexed territory voted in an election held on the construction and maintenance of a municipal recreation ground of said city out of a total of eighty-one votes cast in said election; that on November 12th, 1926, seven residents of said annexed territory voted in the city primary; that on December 7th, 1926, ten residents of said annexed territory voted in the regular annual municipal election; that on April 27th, 1928, three residents of said annexed ter-

ritory voted on the issuance of $27,000.00 of refunding bonds by said town; that on December 4th, 1928, twenty-one residents of said annexed territory voted in the general election, among those voting in said election being Mr. and Mrs. Sterling; and on December 28th, 1928, three residents of said annexed territory voted on the issuance of $202,000.00 of refunding improvement bonds of said city. That the co-relator, E. A. Stout, is not a resident or citizen of the State of Florida, but has been maintaining and operating said tourist camp on the location described in the information for several years and paid city taxes assessed against his property in 1926. That the co-relator, E. L. Sterling, paid the city taxes assessed against his property located in said annexed property during the year 1926. Defendants would further show that the consent and approval of the residents and property owners in said section to the annexing of said territory is further shown by the large number of such residents and taxpayers who have paid taxes on their lands located in the annexed territory for the years 1926, 1927 and 1928, such payment of taxes by such property owners in all instances being made without protest or question of the validity of the annexation proceedings and that the taxes paid in said annexed territory have been proportionately as large as the taxes paid in the other portions of said city limits during the years 1926, 1927 and 1928; that during the year 1925 four residents of said annexed territory procured licenses from the city, among them being the said E. A. Stout, who purchased a city license for gasoline, merchandise, tobacco and cold drinks. During the year 1926 ten persons purchased licenses from this defendant, said persons being residents of

said annexed territory; among them being the said E. A. Stout, license being issued to Rock Water Camp, for selling gasoline, cold drinks, and restaurant. In 1927 five persons purchased licenses, among them being the co-relator, E. A. Stout, for the same things. In 1928, four persons purchased licenses and in 1929, seven persons purchased licenses from this municipality among them being said E. A. Stout, and he is now operating under his 1929 licenses.''

There are other averments of the answer showing acts of the co-relators that operate as a waiver of the right, if any had existed, to assert a violation of their organic property rights by the extension of the city limits complained of. The relators move that the answer be adjudged insufficient and that judgment of ouster against the city of Eau Gallie be entered ''as to the lands sought to be excluded from said city as set out in the information.''

By Chapters 12707 and 12708, Acts of 1927, the legislature has validated the assessments made and bonds issued by the City of Eau Gallie under the charter and extension acts.

In the Stuart case it was expressly stated that ''there is in this case no question of estoppel by acquiescence for any considerable period. See McQuillan, sec. 306.''

The Attorney-General invokes the writ of *quo warranto* on the ground that the charter act violates organic property rights of the co-relators. The rights of the co-relators have been waived by their conduct and delay in asserting their individual rights whereby they are estopped to assert such rights in this proceeding, and other rights have been acquired in the premises. A writ of *quo warranto* is not a writ of right but a discretionary writ.

The Attorney-General asserts no grounds upon which a

writ of *quo warranto* may be issued except the private rights which have been waived, and the legislature has by the later statutes above referred to, recognized the existence of the municipality as being valid, therefore the writ of ouster in *quo warranto* should not be granted. See Attorney-General v. Methuen, 236 Mass. 564, 129 N. E. R. 662.

Motion for judgment of ouster denied.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.