STATE OF FLORIDA, *ex rel.* CARY D. LANDIS, as Attorney General, and GEORGE H. QUAY, as Executor, v. CITY OF CORAL GABLES.

163 So. 308.
Division B.
Opinion Filed January 24, 1935.
On Rehearing May 24, 1935.
Rehearing Denied June 11, 1935.

*Cary D. Landis,* Attorney General, *L. O. Casey* and *David B. Newsom,* for Co-Relators.

*Morton B. Adams,* for Respondent.

PER CURIAM.—This is an original proceeding to test the validity of the inclusion of co-relator's lots within the City of Coral Gables under legislative Charter Acts of 1925 and 1929. The gravamen of the information is that these Acts violated the organic rights of the co-relator. Answer has been filed, and the case is now before us on motion for judgment of ouster, the answer notwithstanding. It appears from the answer that the co-relator and his predecessors in title have acquiesced for so long a time in the action taken by the Legislature in establishing the boundaries of the City, that it is now estopped to question the validity of such action. Nor does it appear from the in-

formation that the State at large, as represented by the Attorney General, has any interest in now attacking a boundary status which has so long existed under legislative enactment, it not being made to appear that any public rights are adversely affected. See State v. City of Sarasota, 92 Fla. 563, 109 So. 473; State v. City of Clearwater, 106 Fla. 761, 139 So. 377; State v. Eau Gallie, 99 Fla. 579, 126 Sou. 124.

In the case of State v. City of Stuart, 97 Fla. 69, 120 So. 339, it was expressly stated that: "there is in this case no question of estoppel by acquiescence for any considerable period. See McQuillin, Section 306." And in Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507, it was held that even fundamental constitutional rights, provided for the protection of the property owner, may be waived by failure to assert them within the proper time.

Even though it be conceded that the Legislature in 1925 extended the boundaries too far, and should not have taken in relator's lots, that was six or eight years or more ago, and much water has passed over the mill in that time. Large sums of money were loaned to the City and many municipal improvements constructed on the faith of the validity of the legislative Acts and the boundaries therein fixed, which are now attacked. But aside from this, under the principles laid down in the above cited cases, the co-relator and his predecessors in title have acquiesced in the action of the Legislature in the matter of establishing the boundaries of the municipality for too long a time to now be heard to complain.

The facts of this case distinguish it from the case of State v. Town of Lake Placid, 109 Fla. 419, 147 So. 468.

The motion for judgment of ouster, notwithstanding the answer, is denied, and the case dismissed.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.

ELLIS and BUFORD, J. J., dissent.

DAVIS, J., not participating.

BUFORD, J. (dissenting).—This is an original proceeding in Quo Warranto to test the validity of the inclusion of co-relator's lands described in the information within the City of Coral Gables, Florida, under legislative Acts.

The relief is sought upon allegations to the effect that co-relator's lands are located so remotely from all city improvements and municipal benefits and from settled and inhabited portions of the municipality as to render the inclusion of such land a violation of co-relator's constitutional rights.

Answer was filed and the case now comes before us on motion for issuance of writ of ouster, the answer notwithstanding.

I think the allegations of the information are sufficient to make a *prima facie* case warranting the relief prayed under the rules enunciated in the opinions and judgments of this Court in the cases of State, *ex rel.* Davis, v. Lake Placid, 109 Fla. 419, 147 Sou. 468; State, *ex rel.,* v. City of Stuart, 97 Fla. 69, 120 Sou. 335; State, *ex rel.,* v. Largo, 110 Fla. 21, 149 Sou. 420.

The allegations of the answer interposed are, I think, insufficient and set up no defense to the exclusion of co-relator's property from the corporate limits of the City of Coral Gables.

The question as to whether or not the City may continue to levy and collect taxes on this particular property insofar as the same may be required to be levied against that property to produce a fund to pay principal and interest on bonded indebtedness created without objection on the part of the landowner while the lands were included within the

City of Coral Gables, could not here be adjudicated because the rights of bondholders or the holders of other municipal obligations so created are not at issue in this case.

ELLIS, J., concurs.

## ON REHEARING.

PER CURIAM.—On rehearing, the point is made that there is no just ground for holding that co-relator is estopped by acquiescence, by himself or his predecessors in title, for eight years after the Act of 1925 was adopted, before attacking. it on the ground that it sought to embrace within the municipality an unreasonably large area which could not be within the zone of possible or probable municipal improvements or benefits.

In behalf of co-relator, it is argued that Ellen S. Quay, of whose will and estate he is the executor, sold the property involved in June, 1925, and took back a purchase money mortgage, which she did not file a bill to foreclose until June, 1930; that she afterwards bid in the property at the foreclosure sale, there being no other bidders; that during that period she did not have the legal title, and hence could not have questioned the validity of the Act of 1925 taking in this property; that Ellen S. Quay died in November, 1931; that co-relator was appointed executor on September 5, 1933, and almost immediately thereafter caused this action in quo warranto to be filed. The action seeks an ouster only of co-relator's lots.

It is also argued that the mere fact that the City saw fit to issue bonds would not create an estoppel against the co-relator or the decedent. It was not our intention to so hold. We merely mentioned this fact in our former opinion as an illustration that many things might happen in the history of a municipality, after the establishment or extension of

its boundaries, in part resulting from reliance upon the validity of such establishment or extension, and that persons interested in property located within the territory thus embraced by the Legislature should not acquiesce in such inclusion within the city limits for an unreasonable length of time, and that to do so would work an estoppel.

We are still of the opinion that a legislative Act establishing or extending the boundaries of a municipality cannot be attacked by property owners on the grounds and for the purpose here asserted after eight years have elapsed, during which period all parties interested in the property thus taken in including co-relator's predecessor in title, had acquiesced in the action of the Legislature. The mere fact that there had been changes in the ownership of the legal title during that period would not affect the question.

Former opinion and judgment reaffirmed on rehearing.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.

ELLIS and BUFORD, J. J., dissent.

DAVIS, J., not participating.