CITY OF WINTER PARK v. STATE, *ex rel.* Attorney General, and on behalf of GEORGE E. HOWARD, *et al.*

161 So. 386.
Division B.
Opinion Filed May 15, 1935.
Rehearing Denied June 22, 1935.

*W. E. Winderweedle* and *Jones & White,* for Plaintiff in Error;

*Hugh Akerman, T. P. Warlow, Cary D. Landis,* Attorney General, and *Dickinson & Dickinson,* for Defendants in Error.

PER CURIAM.—The writ of error in this case brings for review judgment of ouster in quo warranto proceedings instituted to test the validity of Chapter 11325, Laws of Fla. 1295, and Chapter 11802, Laws of Fla., Extraordinary Session of 1925.

The action was brought by the Attorney General and certain co-relators, landowners within the area included in the Charter Acts above referred to which was not included in former legislative Acts fixing the boundaries of the Town of Winter Park.

The contention being that the lands of the co-relators specially described in the information constituted a large part of the territory included within the boundaries by such latter legislative Acts and that such lands were either wild, unimproved and unfit for urban use or that they were lands devoted to the culture of orange groves and farm products and in either case could not receive and had not received any municipal benefits by reason of being included within the territorial boundaries of the municipality and that such lands were so included for the sole purpose of affording the municipality additional property upon which to levy and collect taxes. The sole question presented by the pleadings is whether or not the inclusion of the territory as to which

ouster is sought was within the province of the Legislature to be included in the municipality.

In the judgment of ouster the lower court determined and adjudged that insofar as the legislative Acts above referred to sought to include the described territory within the municipality such Acts were unconstitutional because they exceeded the power of the Legislature and violated the constitutional rights of the relators and parties in similar circumstances and like situation and were, therefore, of no force and effect.

We think that no useful purpose could be served by repeating what has been heretofore held as the applicable law in such cases by this Court. The judgment should be affirmed on authority of State, *ex rel.*, v. City of Avon Park, 108 Fla. 641, 149 Sou. 409, and State, *ex rel.* City of Largo, 110 Fla. 21, 149 Sou. 420.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., concurs in the opinion and judgment.

DAVIS, J., not participating.

BROWN, J. (dissenting).—By waiting for over eight years and acquiescing in the extension Act for that period, I think the co-relators are estopped; and I do not see that the Attorney General, acting for the State, has any right to complain. The interests of the State are not adversely affected, so far as I can see. State v. City of Sarasota, 92 Fla. 563, 109 So. 473.