## STATE, *ex rel.* CARY D. LANDIS, Attorney General, *et al.,* v. THE CITY OF AUBURNDALE, *et al.*

163 So. 698.

Opinion Filed October 31, 1935.

*Cary D. Landis,* Attorney General, *Touchton & ·Crittenden,* and *W. H. Poe,* for Plaintiffs in Error;
*Latimer A. Long,* for Defendants in Error.

BUFORD, J.—The writ of error here under consideration brings for review a judgment of ouster of the jurisdiction of the City of; Auburndale as to certain territory included within the extension of the City of Auburndale under the provisions of Chapter 10,301, Special Acts of the Legislature of 1925, approved May 8th, 1925, and which were not immediately prior to the passage of said Act included within the Town of Auburndale, a municipality which was abolished by the provisions of that said Act approved May 8, 1925, and by which the said City of Auburndale was established, and which judgment denied ouster as to the jurisdiction of the City of Auburndale over certain other lands which had been included within the Town of Auburndale since the passage of Chapter 7132, Acts of 1915.

The judgment of ouster should be affirmed on authority of the opinions and judgments in the cases of State, *ex rel.* Davis, v. Largo, 110 Fla. 21, 149 Sou. 420, and State, *ex rel. Davis*, v. Pompano, 110 Fla. 474, 151 Sou. 485; and the judgment denying ouster of those lands which had constituted a part of the Town of Auburndale since the passage of Chapter 7132, Acts of 1915, should be affirmed on authority of the opinion and judgment in the case of State, *ex rel.*, v. City of Coral Gables, opinions filed January 24, 1935, and May 24, 1935, not yet published.

Aside from the questions of law which have been determined contrary to the contentions of the plaintiff in error in the cases above cited the plaintiff in error contends that the judgment should be reversed because it appears on the face of the record that the judgment was arrived at by the Court in Chambers in the City of Lakeland and not in the county site, the City of Bartow, Florida.

The record shows that the jury was waived and the case was submitted to the Circuit Judge for determination of law

and fact. Counsel, being officers of the Court, were assumed to know, and should have known, that the Chambers of the Circuit Judge were located in the City of Lakeland and not in the City of Bartow.

The record, however, shows that the findings and judgment of the Circuit Judge were filed and recorded in the minutes of the Circuit Court in the County Court House at Bartow on the 11th day of July, 1934. The findings of the Circuit Judge as set out in the judgment and the judgment did not bcome effective, although it was dated at Lakeland, Florida, the 9th day of July, 1934, until the same was filed for record in the office of the Clerk of the Circuit Court on the 11th day of July, 1934, and recorded in the minutes of the court. Until it was so filed, it remained in the breast of the court and amounted to no more than if he had arrived at the mental conclusion as to what his judgment would be while in Chambers at Lakeland and then went over to Bartow, the county site, and had the same entered on the minutes of the Court.

Aside from this, it is shown that on July 17th, at Winter Haven, Florida, an amendment to the final judgment was determined to be proper by the Judge of the Circuit Court and such amendment, pursuant to such determination at Winter Haven, Florida, was filed and recorded in the Circuit Court Minute Book at Bartow, Florida, on the 18th day of July, 1934, which amendment was in the following language, to-wit:

"It appearing to the court that the road-bed around the most of the West side of Lake Ariana and fronting on which some of the property was excluded by the judgment of the court in the above styled case, has been changed since the Decree in the Chancery Case referred to in said judgment of ouster was entered on February 13, 1924, and it

appearing to the Court that to draw the line on the property excluded around the Westerly line of said road as now constructed would work a considerable hardship on the City of Auburndale to maintain said road; and the Court being of the opinion that the interest of all parties will be served best by a modification of said judgment to the extent of excluding the properties described in said final judgment to the water's edge of said Lake Ariana instead of excluding said property to the Western boundary of said Lake Ariana Boulevard;

"Now, THEREFORE, IT IS ORDERED AND ADJUDGED by the court that all properties excluded by the Final Judgment of this Court in said case, heretofore filed in the office of the Clerk of the Circuit Court, be and the same are hereby excluded to the water's edge of Lake Ariana, instead of being excluded to the western boundary of Lake Ariana Boulevard; and that all of the water of Lake Ariana is retained in the corporate limits of the City of Auburndale and no part of said waters are excluded by said judgment.

"The parties to said suit, through their counsel, are consenting to this modification of the Final Judgment filed in this cause.

"DONE AND ORDERED at Winter Haven, Florida, this 17th day of July, A. D. 1934."

The recitation in this amendment to final judgment says that all parties consented to the amendment and while this did not necessarily carry with it the implication of consent of all parties to the final judgment as entered in the Circuit Court Minutes under date of July 11th, 1934, it did show that the original judgment as entered was recognized by all parties as the final judgment of the court duly entered and, in the absence of a showing to the contrary, must be deemed and held to have been a waiver of the irregularity, if it was

an irregularity, of the Circuit Judge having arrived at his conclusions and placed them in the form of an Order and Judgment in Lakeland, Florida, and afterwards filing the same in the office of the Clerk of the Circuit Court at Bartow, Florida, to be recorded in the Minutes as the Judgment of the Court.

It is quite certain that counsel had the statutory period of four days in which to file motion for new trial after the original judgment was filed in the Clerk's office at Bartow. This is true for the reasons that the findings of the court upon which the judgment was entered were embraced in the same document and were filed at the same time.

It further appears that the amendment to the final judgment was a material amendment and adjudged the ouster of additional territory. Therefore, the judgment as amended was not the same judgment which was originally entered and either party had four days from that time in which to file motion for new trial.

For the reasons stated, the judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, and BROWN, J. J., and Campbell, Circuit Judge, concur.

DAVIS, J., disqualified.