STATE, *ex rel.* CARY D. LANDIS, Attorney General, Relator, and BASSETT W. MITCHELL and J. P. SAUER, Co-Relators, v. TOWN OF BOCA RATON, a Municipal Corporation in Palm Beach County, Defendant in Error.

177 So. 293.

Opinion Filed October 27, 1937.

Rehearing Denied December 16, 1937.

*Beacham & Gaulden,* for Plaintiffs in Error;

*Metcalf & Finch,* for Defendant in Error.

TERRELL, J.—The State on relation of the Attorney General and Bassett W. Mitchell brought an action in quo warranto against the Town of Boca Raton to oust certain lands from the jurisdiction thereof. The issues were made up, a jury was waived, and the case was heard by the trial court.

Judgment was entered for the respondent, Town of Boca Raton, to which the instant writ of error was prosecuted.

Many questions are pressed for answer, but it appears that in entering judgment for respondent the trial court was controlled by State, *ex rel.* Landis, Attorney General, *et al.,* v. City of Coral Gables, 120 Fla. 492, 163 So. 308, in which we held that an owner of lands located within the city who stood by and said nothing for six or eight years was estopped to question the validity of proceedings establishing the city boundaries.

In other words, relying on the decision in the last cited case, the decision of the court below in the instant case was based on *laches* or estoppel by acquiescence. This is undoubtedly a sound rule in those cases where the question is close and honest men might differ as to the question of benefits even though the benefit be remote and indirect. This rule would also control in cases where delay had wrought changes in the circumstances of the parties in such a way that to grant the prayer of the writ would be inequitable, but mere delay without damage will generally not be considered as *laches*. The delay must operate to the detriment of someone who is a party to the cause.

In cases where lands are illegally included in a municipality, that is to say, where they are so remote from any municipal betterment or facility that they can receive no benefit therefrom, the rule stated in State, *ex rel.* Landis, *et al.,* v. City of Coral Gables, *supra,* does not control and the lapse of time raises no bar to the owner raising the question.

In State, *ex rel.* Landis, *et al.,* v. Town of Boynton Beach, decided July 19, 1937, we discussed and set out the essentials necessary to constitute a municipality. We there held that the test of what lands should be embraced in a municipality is determined by the benefits that may be returned

to it and that when these are absent, there is no theory on which the lands can be included.

We know of no theory whatever on which wild, unoccupied, unimproved lands so remote from a municipality that they can receive no benefit therefrom should be included therein. Neither do we know of any reason why the owner of such lands should not be permitted to question the validity of their inclusion within the municipality at any time. From the record the lands in question appear to be of this character.

From an examination of the record and the judgment below we are driven to the conclusion that the trial court misinterpreted the effect of our opinion in State, *ex rel.* Landis, *et al.,* v. City of Coral Gables, *supra.* The judgment is accordingly reversed with directions to reconsider the cause in the light of what we have said in the two cases herein cited and enter judgment accordingly.

Reversed.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs in the conclusion.

ELLIS, C. J., not participating.