CITY OF AUBURNDALE v. STATE, ex rel. CARY D. LANDIS, Attorney General, Relator; J. E. WITHAM, H. A. ALLEN, et. al.

184 So. 787.
Opinion Filed November 28, 1938.

*Latimer A. Long,* for Plaintiff in Error;

*E. L. Bryan,* for Defendant in Error.

PER CURIAM.--The questions as stated by Plaintiff in Error in its brief are as follows:

"Question One: May the defense of *laches* and acquiescence be raised by demurrer to the Information where the Information does not show that the Charter was not legally enacted or that, on its face, the Charter Act violates the Constitution or public or private rights, where the Information shows a lapse of time of over ten years during which no suit has been filed to oust the City of jurisdiction of the property in question?"

"Question Two: Where, in a prior suit, only a part of property annexed to a municipality has been excluded by Quo Warranto proceedings and subsequently another part of the annexed territory seeks exclusion, is the defense of *laches* and acquiescence just as effective against the annexed property subsequently sought to be excluded as if none of the annexed property had been excluded?"

"Question Three: Where the State and the Co-relators have acquiesced in the inclusion of annexed property for

over ten years, does the single plea of such *laches* and acquiescence, coupled with an allegation of the passage of a Charter Act, valid on its face, present a sufficient defense to an Information in the nature of Quo Warranto which attacks the validity of said Charter Act?"

"Question Four: Is an Answer filed to an Information in the nature of Quo Warranto for the exclusion of real property sufficient if it sets up the passage of a Charter Act, valid on its face, and if it alleges that the property sought to be excluded receives all the usual benefits received by urban property, and detailing said benefits, and which Answer sets up the additional defense of *laches* and acquiescence on the part of the State and property owners for over ten years?"

In State, *ex rel.* Landis, *et al.,* v. Town of Boynton Beach, 129 Fla. 528, 177 So. 327, it is said:

"There is some confusion as to the circumstances under which estoppel by *laches* may be invoked to block the path of relators in cases of this kind. It is settled that each case must stand or fall on its own facts. In the following cases this question has been treated and in some of them we held that delay was fatal in stated periods while in others we refused to do so. Town of Ormond v. Shaw, 50 Fla. 445, 39 So. 108; State, *ex rel.* Davis, v. City of Stuart, 97 Fla. 69, 120 So. 335; State, *ex rel.* Landis, v. City of Auburndale, 121 Fla. 336, 163 So. 698; State, *ex rel.* Attorney General, v. City of Fort Lauderdale, 102 Fla. 1019, 136 So. 889; Town of Boynton v. State, *ex rel.* Davis, 103 Fla. 1113, 138 So. 639; State, *ex rel.* Davis, v. City of Clearwater, 106 Fla. 761, 139 So. 377, on rehearing, 108 Fla. 635, 146 So. 836; State, *ex rel.* the Attorney General, v. City of Avon Park, 108 Fla. 641, 149 So. 409; State, *ex rel.* Davis, v. City of Largo, 110 Fla. 21, 149 So. 420; State, *ex rel.* Davis, v. City of Pompano, 113 Fla. 246, 151 So. 485; City of

Winter Park v. State, *ex rel.* Attorney General, 119 Fla. 343, 161 So. 386.

"A careful reading of these cases discloses that in those instances when the Legislature has palpably abused its prerogative by incorporating lands in a municipality totally devoid of the elements essential thereto, the Act is void *ab initio* as to such lands and may be moved against at any time. In those cases where the benefits were remote or prospective but the incorporation was encouraged and acquiesced in for a period of years, relief has been denied, especially when obligations have been undertaken on the strength of the new territory. Equity always looks with suspicion on long delays and except in extreme cases, exacts that all those seeking relief at its hands act promptly."

See also State, *ex rel.* Landis, *et al.,* v. Town of Boca Raton, 129 Fla. 673, 177 So. 293; State, *ex rel.,* v. City of Eau Gallie, 99 Fla. 579; State, *ex rel.* Landis, v. City of Coral Gables, 120 Fla. 492, 163 So. 308.

The Information in the case at bar alleged that no benefit had been received from the City. This was admitted by the demurrer and, not having been expressly denied, it was also admitted by the plea. Therefore, the Motions for Judgment of Ouster directed to the demurrer and plea were properly sustained.

The Answer and Amended Answer of the City of Auburndale, which were then filed, contained the following allegations:

"Further answering, Respondent says that some of the Co-relators and their predecessors in title were active in the promotion of the affairs of the City of Auburndale, and its Civic Life after the 1925 Charter was adopted, whereby the property now sought to be excluded became a part of the City of Auburndale; that a majority of them have participated in the Town's affairs, have registered to vote and have

voted in the City elections; have paid City taxes and special assessments; that two of the Co-relators and another of the Co-relators' predecessors in title have held offices in the Municipal government; that some of the Co-relators petitioned the City of Auburndale for improvements to be made to their property and said improvements were made upon their request; that there are buildings both residential and business, located upon a majority of the several tracts of real property herein sought to be excluded; that the property herein sought to be excluded is served by city water, has a number of city fire plugs located thereon, and has adequate fire protection; that said properties receive service from the city's sanitary department, receive police protection; that the city has street lights thereon, and that electric and telephone lines are strung over the property; that some city streets and sidewalks and storm sewers have been built thereon, and that only 8 acres in citrus groves are located on said property; that a majority of the property now sought to be excluded is beautiful lake-front property, particularly adapted to residential purposes and a number of nice dwellings are located thereon."

"Respondent alleges that the Co-relators and their predecessors in title had actual knowledge of the passage of the Charter Act of the City of Auburndale, same being Chapter 10301 of the Special Acts of 1925, enacted by the Legislature of the State of Florida. That they acquiesced in the inclusion of said lands in said City and that so long as it appeared that their inclusion would be of any advantage to them, they agreed and approved of the inclusion of their lands in said City and that by their neglect, refusal, and delay to assert the invalidity of said Chapter 10301 for a period of ten years, during which time they had full knowledge that they were within the City limits, they cannot now come in and complain of the invalidity of said Charter Act,

which Charter Act included the lands of the Co-relators now sought to be excluded herein; that during said years the Respondent, the City of Auburndale, has issued and sold its general obligation bonds in large sums; that the validity of said bonds as general obligations of the Respondent, as a City, composed of the territory described in the said Act, has been adjudicated in the Courts of the State of Florida by proceedings which afforded to the Co-relator due process of law and that these proceedings are *res adjudicata* as to the question of the validity of said Charter Act of the Legislature which included the Co-relators' property within the boundaries of the City and Respondent, therefore, pleads that said Co-relators are now estopped to assert the invalidity and unconstitutionality of said Act of the Legislature chartering the City of Auburndale."

"That one of the Co-relators herein was the promoter, the moving spirit and the financial backer behind the Lena Vista Subdivision development on which development the City of Auburndale expended approximately Three Hundred Fifty Thousand ($350,000.00) Dollars for paving, sidewalks and water mains, and within which development is contained one of the tracts of property sought to be excluded herein."

An Amended Motion for Judgment of Ouster directed to the Answer and Amended Answer was then filed, which admitted all well-pleaded facts in the Answer. The allegations in the Answer and Amended Answer were sufficient to show that the property in question had received some benefit, that obligations had been undertaken by the municipality on the strength of the new territory, and that the incorporation was encouraged and acquiesced in for ten years. We are of the opinion that these allegations were sufficient to raise a defense of *laches*.

By a Judgment of Ouster entered in July, 1934, part of

the property included in the municipality by the same Act which included the property involved herein was excluded from the city limits. Plaintiff in Error contends that the defense of *laches* and acquiescence is just as effective against the property involved herein as if none of the annexed property had been excluded. The Court is of the opinion that this contention is correct.

A Judgment in Quo Warranto proceedings ousting a municipality of jurisdiction over a parcel of land, without declaring the Special Boundary Extension Act conferring such jurisdiction void *in toto*, is not erroneous. Town of Boynton v. State, *ex rel.* Davis, *et al.*, 103 Fla. 1113, 138 So. 639.

The Co-relators excuse their non-participation in the former Quo Warranto suit (State, *ex rel.* Landis, *et al.*, v. City of Auburndale, 121 Fla. 336, 163 So. 698) by stating in their Information that they were not invited to join. The Co-relators had every right to intervene in the suit and ask for the exclusion of their property along with other property represented in the previous suit. State, *ex rel.* Davis, *et al.*, v. City of Clearwater, 106 Fla. 761, 772, 139 So. 377, 378.

The allegations of the answer and the amended answer were sufficient to present controlling issues of fact and, therefore, the entry of judgment on the pleadings was error.

The judgment is reversed and the cause remanded for further proceedings.

So ordered.

Reversed and remanded.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating.