Proceedings by Neal Smith and others against the Town of Montverde to have the plaintiffs' lands excluded from the town, on ground that because of the distance of the lands from the town proper, they were virtually and commensurately excluded from the benefits of the municipal organization. From an adverse decree, the plaintiffs appeal.
Decree reversed.
Appellants, as plaintiffs, filed their petition pursuant to Section 171.02, F.S. 1941, F.S.A., to have their lands excluded from the municipality, upon the hypothesis that, by reason of the situation of their lands and the distance from the town proper, they are virtually and commensurately excluded from the benefits of the municipal organization, yet are subjected to the burdens of municipal taxation.
The statute in question provides:
171.02 Landowners may petition court to have certain land excluded from corporate limits
"When any incorporated town (or city) containing less than one hundred and fifty qualified electors shall, owing to extent of territory, have embraced within the limits any lands which may from distance or other cause be virtually or commensurately excluded from the benefits of such municipal organization, it is lawful for any owners of such lands or three-fourths of them desiring to have the same excluded from such corporation limits and jurisdiction, to apply by petition to the circuit court in and for the county in which said incorporated town is situated, setting forth in said petition the limits of such incorporated town as then existing and the grounds of his or their objection to be included within the limits of such corporation; whereupon the circuit court shall order notice of said application to be served upon the mayor of said town or city and appoint a day for the hearing of such application.
"If upon the hearing of said application the said court shall sustain the said objection, the said tract or tracts of land shall be excluded. Such petition may be heard and determined by said court in term time or vacation, and any question of fact may be determined by said court without a jury."
It appears that the municipality comprises approximately 1,360 acres and the lands sought to be excluded total about 450 acres; that the lands sought to be excluded are not urban, but rural, and are not susceptible of municipal benefits commensurately with other property within the municipality.
When considering the actual use to which petitioners' land is being applied and the potential, natural and appropriate use of the land by reason of the factual surrounding circumstances, it is apparent that the rendering or tendering of municipal services in respect thereto would not be of commensurate value to the petitioners as would like services rendered or tendered to the lands (and the owners thereof) appropriately placed within the municipality. Furthermore, neither the pleadings nor the evidence shows that any inequity will result from the exclusion.
The decree appealed is reversed.
TERRELL, CHAPMAN and HOBSON, JJ., concur.
THOMAS, C.J., and ADAMS, J., dissent. *Page 137