Appellants, relators below, brought an action in the nature of quo warranto in which they sought an ouster of certain lands owned by them and which, by special act of the legislature in 1947, Sp.Acts 1947, c. 24540, were incorporated into and became a part of the Town of Groveland. Trial before a jury was waived and the Circuit Judge, after having heard all the testimony and having made a personal inspection of the subject land, entered a final judgment in which he made the following finding of fact:
"The evidence and the personal inspection of the several parcels of land sought to be ousted, and other territory within the jurisdiction of the Town of Groveland, leaves me with the opinion that the lands sought to be ousted receive as muchbenefit as any other property within the Town of Groveland.
These benefits consist of an ample supply of pure water, a measure of fire protection, and by those small town police and sanitary regulations and service." (Italics supplied.)
In the case of Smith v. Town of Montverde, Fla., 38 So.2d 135, we held:
"Where town comprised approximately 1,360 acres, and lands sought to be excluded from town totaled about 450 acres, and were not urban, but rural, and were not susceptible of municipalbenefits commensurately with other property located within thetown, and there was no showing that inequity would result from exclusion, lands would be excluded on petition of the landowners." (Italics supplied.)
The foregoing rule is applicable to the instant case. Its application necessitates a judgment of affirmance because there is substantial evidence which sustains the finding made by the learned Circuit Judge and it has not been clearly demonstrated *Page 712 
that the judgment is against the preponderance or greater weight of the evidence.
Affirmed.
ADAMS, C.J., and CHAPMAN, and SEBRING, JJ., concur.