REVELS, P. B., Associate Judge.
The appellants are the owners of several parcels of land embracing 194 acres, most of which are in citrus groves, within an area of four and one-half square miles of land annexed by the City of Winter Haven by act of the 1957 Legislature, Sp.Acts 1957, c. 57-1962. Appellants brought an action to enjoin the collection of city taxes on their lands by the City of Winter Haven because they allege no benefits to their grove properties by reason of being included within the corporate limits of said city. The appellants have made no attack on the validity of the act of the legislature which annexed 4J4 square miles, which included their grove property, and they have not questioned the validity of the referendum wherein a majority of the voters of the city and also of the annexed area approved the annexation. Extensive testimony was heard by the chancellor and the record discloses that appellants lands are surrounded by well developed urban areas and are being enveloped within residential and business areas of a rapidly growing city; that all of the benefits of the city such as streets, street improvements, water, police protection and garbage disposal are available to the appellants lands to the same extent that it is to the surrounding urban areas, if they desire to utilize the same. The chancellor entered a decree adverse to appellants.
From examination of this record it appears that the sole question presented in this appeal is whether or not the appellants can enjoin the city from assessing and collecting city taxes simply because they do not *12 want their citrus grove property included within the corporate limits of the city even though they admit using facilities of the. city that meets with their advantage.
The law on this subject has been defined in many well reasoned opinions by the Supreme Court of Florida that for lands to be excluded from the corporate limits of a city or be relieved from paying its proportionate part of the city taxes the facts should show that the lands in question receive no benefit whatever from the city facilities and that they were devoid of any prospect of receiving any, or that the lands are not susceptible of municipal benefits commensurate with other property within the city. The crux of a case of this nature is determined by the factual situation developed in the lower court. This is clearly established by the following cases: State ex rel. Watson, v. Busbee, Fla., 43 So.2d 711;
“The evidence and the personal inspection of the several parcels of land sought to be ousted, and other territory within the jurisdiction of the Town of Groveland, leaves me with the opinion that the lands sought to be ousted receive as much benefit as any other property within the Town of Groveland. These benefits consist of an ample supply of pure water, a measure of fire protection, and by those small town police and sanitary regulations and service.”
Van Allen v. Town of Ocean Ridge, Fla., 46 So.2d 452, 453;
“the lands in the instant cases did in fact receive benefits in the way of street improvements, water, police protection, fire protection, garbage and trash disposal and have good prospects of receiving other benefits by reason of being within the municipality.”
Gillete v. City of Tampa, Fla., 57 So.2d 27, 29;
“Moreover, it is no answer to an annexation proceeding to assert that individual residents of the county do not need or desire the governmental services rendered by the city. A county resident may be willing to take a chance on police, fire and health protection, and even tolerate the inadequacy of sewerage, water and garbage service. As long as he lives in an isolated situation his desire for lesser services and cheaper government may be acquiesced in with complacency, but when the movement of population has made him a part of a compact urban community, his individual preferences can no longer be permitted to prevail. It is not so much that he needs the city government, as it is that the area in which he lives needs it.”
See also Gulfview Properties, Inc. v. Town of Mary Esther, Fla., 94 So.2d 814; State ex rel. Tarpon Springs Coca Cola Bottling Co. v. City of Tarpon Springs, Fla., 104 So.2d 640.
Since the legal question upon the subject matter has been well defined in prior decisions of the Supreme Court of Florida the only point necessary to determine this appeal is a review of the factual situation. It is apparent that tendering and rendering of municipal services and benefits by the City of Winter Haven in respect to appellants’ lands are commensurate with the services tendered and rendered to the land of others within the corporate limits of said city. The appellants have failed to carry the burden of showing that they are without benefits and are devoid of any prospect of receiving any. The record contains substantial material evidence to sustain the findings and judgment of the lower court.
Accordingly the lower court is affirmed.
ALLEN, C. J., and SHANNON, J., concur.