KANNER, Judge.
This proceeding of quo warranto was brought in the name of the state on the relation of Gleason Brothers and Company, for the purpose of ousting certain property *40 from the municipality of Satellite Beach. Upon stipulation of the parties, the cause was heard before the court without a jury, with the result that by final judgment the court excluded the property from the municipality, and this appeal has ensued.
Materially, the complaint alleges that the lands involved are subject to municipal taxation to support the town government without receiving any benefits or muncipal conveniences. The land is described as being low and swampy with wild vegetation upon it, entirely rural in character, removed from conveniences and advantages of city life, completely isolated from municipal benefits, and situated far from the built-up portions of the municipality. Further, asserts the complaint, the lands are not presently needed for municipal improvements, nor are improvements contemplated or needed. It is also set forth that there have been made by the town no improvements such as streets, sidewalks, roads, poles, wiring for electricity, sewers, nor water mains, and that there are given no services such as fire or police protection. The only possible reason for inclusion of the lands in the town is stated as being for tax purposes.
Admitted in the answer is the allegation that no improvements have been made on the subject lands by the Town of Satellite Beach. Aside from this, the answer generally denies the averments of the complaint, setting forth that the lands sought to be ousted received as much benefit as any other property within the town, these benefits consisting of an available supply of pure water, a measure of fire protection, and services of a police officer, together with comprehensive zoning, sanitary and traffic regulations. It is also alleged that, “although it may not be immediately benefitied and such inclusion may be a hardship or injustice to the owners, (it) has been so included by the Legislature in the exercise of its law-making discretion and judgment in defining the area of the municipality.”
In excluding the property from the Town of Satellite Beach, the court held that the lands are wild, unimproved, raw, undeveloped, and lacking in permanent improvements of any kind; that the town has offered no services to the property and is not benefiting or improving it in any way; that the property in its present condition is not susceptible to municipal conveniences and benefits without expensive filling and developing of the lands; that the property is far removed from conveniences and advantages of city life, is isolated from the built-up portions, and is not needed by the town for future expansion at the present time and could not be used for industrializa^ tion or for residential areas without the spending of great sums of money.
The criterion to be employed in testing what lands should be embraced within boundaries of a municipality is constituted within the benefits that may be returned; and when there are no benefits, the lands may not be included. State ex rel. Landis v. Town of Boynton Beach, 1937, 129 Fla. 528, 177 So. 327.
. There have been numerous Supreme Court pronouncements furnishing guides to determine whether lands should be excluded from a municipality because of lack of benefits. Thus it has been declared that in order to annex or include large areas of lands within the limits of a municipality, there must be a present showing of population, industrialization, or similar reason. State ex rel. Ervin v. City of Oakland Park, Fla.1949, 42 So.2d 270. It has also been declared, where lands annexed by a municipality are unbenefited agricultural lands or are wild, unoccupied, unimproved, and unfit for urban use, and so remote from a municipality that they can receive no benefits, they should not be included within the municipal limits. City of Winter Park v. State, 1935, 119 Fla. 343, 161 So. 386; State ex rel. Landis v. Town of Boca Raton, 1937, 129 Fla. 673, 177 So. 293; and Gillete v. City of Tampa, Fla.1952, 57 So.2d 27.
The Town of Satellite Beach was created under a special act of the Florida *41 Legislature enacted in the year of 1957. The lands comprising it are approximately 1,940 acres, while lands sought to be excluded consist of about 200 acres. The relator’s lands lie in the southwest limits of the town and constitute a southwest portion of it. The lands are rural, wild, unimproved, low, marshy, and bounded on one side by the Banana River. There is upon it no occupant, not a single structure nor any improvement whatsoever, except that there is a county road traversing it.
Indisputably, for the lands to be benefited, large expenditures of money are required for filling and developing the property. Even the town has stated through its answer that the property may not be immediately benefited and that the inclusion may be a hardship or injustice to the owners. The record abundantly supports the findings and decision of the trial judge, and the judgment of ouster entered is hereby affirmed.
Affirmed.
ALLEN, C. J., and SMITH, CULVER, Associate Judge, concur.