SMITH, Acting Chief Judge.
Plaintiffs appeal from a final judgment dismissing their complaint for a declaration of the invalidity of an annexation ordinance adopted by the City of Port Orange. The ordinance was adopted pursuant to Section 171.044, Florida Statutes (1975), authorizing municipalities to annex contiguous property upon the voluntary petition of the owners. These plaintiffs were among the petitioners for annexation. The trial court held:
By virtue of Plaintiffs having initiated the adoption of Ordinance 1-30 by joining in the petition for voluntary annexation and by virtue of Plaintiffs’ failure to object to the passage of said ordinance at public hearings concerning said ordinance, and in light of the fact that the City of Port Orange and all petitioners other than Plaintiffs would be unduly prejudiced by Plaintiffs’ failure to object prior to the passage of the ordinance. Plaintiffs are estopped to contest the validity of said ordinance on the alleged grounds of injury to the Plaintiffs.
The judgment is supported by substantial competent evidence received in the non-jury trial. Estoppel may defeat a landowner’s attack on an annexation ordinance. State ex rel. Landis v. City of Coral Gables, 120 Fla. 492, 163 So. 308 (1935); Malley v. Clay County Zoning Comm’n, 225 So.2d 555 (Fla. 1st DCA 1969); MacKinlay v. City of Stuart, 321 So.2d 620 (Fla. 4th DCA 1975); 2 E. McQuillin, Municipal Corporations § 7.42 (3d ed. 1966). No error appears in the trial court’s application of estoppel principles to the facts in this case. No question was raised in this case concerning the propriety of plaintiffs’ choice of remedy in the circuit court. See § 171.081, Fla.Stat. (1975); State ex rel. City of Casselberry v. Mager, 356 So.2d 267, (1978).
AFFIRMED.
ERVIN and BOOTH, JJ., concur.