## Palmer et al. v. Elizaville Graded Common School District et al.

(Decided June 20, 1930.)

B. S. GRANNIS for appellants.

JOHN P. McCARTNEY for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

On March 22, 1930, the electors of the Elizaville graded common school district of Fleming county voted, 193 to 5, to authorize the issuance of $19,500 in bonds for the erection of an additional school building and to levy a tax of 20 cents to take care of the bonds. This suit was filed by taxpayers of the Nepton common school subdistrict to enjoin the levy and collection of that tax and the burdening of their property by the bond issue; and also the levy and collection of a tax for the maintenance of the graded school. An answer set up the facts and defenses hereinafter stated, and, upon the court overruling a demurrer to it, the case was submitted on the

pleadings. The court dismissed the petition and refused to grant the injunction, following which this appeal is prosecuted.

The Elizaville graded school district was established several years ago. It encompassed on three sides the Nepton subdistrict, which it is averred was unable to furnish as high a grade of education as was desirable or suitable. It is made to appear that because of its geographical location and the roads, that community is naturally and logically connected with the graded school district. Under an arrangement for the payment of tuition by the county board of education, pupils of the Nepton district attended the graded school during two years. In the early part of 1924, upon petition of "a majority of more than 90% of the legal voters of the Nepton district," proceedings provided by chapter 100 of the Acts of 1916 (published as section 4464 of the 1918 [Supp.] edition of the Statutes) were instituted and consummated in the Fleming county court whereby the Elizaville graded school district extended its boundary to include within its territory the Nepton subdistrict. It was thereafter considered to be a constituent part of the Elizaville graded common school district.

But those proceedings were illegal and unauthorized, for by chapter 8, Acts of 1922, the Legislature had specifically repealed the law providing the method by which territory might be added to existing graded school districts. The repealing and enacting section of the act, which is a repetition of the title, repeals specifically the laws enacted in 1920 that provided for the establishment of graded school districts, the election of trustees, etc., and "also Section 4464, section 4500, and all intervening sections, of the Kentucky Statutes, Carroll's Supplemental Edition 1918, relating to the management and control of graded common school districts, be and the same are hereby repealed; and in lieu thereof are now enacted the following sections to be known and designated as," etc, Those sections of the statute so repealed included the acts of 1920 specifically mentioned and chapter 100 and other laws enacted in 1916.

It is argued that the repeal is of sections 4464 to 4500, inclusive, only in so far as they related to the management and control of graded common school districts, and did not affect the laws relating to the consolidation or enlargement of districts. There is little force in the argument, for the participial phrase 'relating to the

management and control'' seem to be merely descriptive of the contents of those sections. Com. v. Miller, 234 Ky. 147, — S. W. (2d) —. The intention to repeal those statutes in their entirety could hardly have been more clearly or specifically expressed. New sections were enacted ''in lieu thereof,'' and it was declared that they should be known and designated by the same numbers in the published statutes. The whole policy with respect to the establishment of future school districts was changed, although there was no attempt made to destroy the graded schools which had already been created. It is true there is this remnant of the old law left in section 4469: ''No new graded common school district shall hereafter be created or organized, unless 100 pupil children reside therein.'' Having eliminated all machinery for the establishment of such schools, we are bound to assume that repeal of this provision was omitted through inadvertance. Therefore, as stated, there was no authority for the action by the county court of Fleming county in 1924 undertaking to annex the Nepton community to the Elizaville graded school district, and the action was inoperative and futile.

It is further submitted that if that be true then the graded school district with the added territory has existed for such a length of time that it cannot now be disturbed by the plaintiffs, under the authority of Gosney v. Butler Graded School, 219 Ky. 242, 292 S. W. 781. That was a suit to enjoin the levy and collection of taxes on the ground that the election held in 1892 authorizing the establishment of the district was void because it had been called by the county court at the same term at which the petition therefor was filed. The court held that the election was invalid on that account, but because of the long-established conditions (with the district having been recognized by the educational authorities and acquiesced in by the community, which had grown up around the school, for over a period of 34 years), and because of calamitous consequences resulting, in the exercise of its discretion in the use of extraordinary writs, the court declined to decree a dissolution thereof.

In Hurley v. Motz, 151 Ky. 451, 152 S. W. 248, it was held that taxpayers whose property rights are involved are not estopped by laches from attacking the validity of an act purporting to create a municipal dis-

trict, although they had acquiesced in its organization and the exercise of municipal powers for two years.

Appellees refer to a statement in Elkhorn Coal Co. v. Wright, 230 Ky. 33, 18 S. W. (2d) 862, to the effect that where graded common school districts have been established and in operation for a long time public policy is against declaring the original organization fatally defective unless there is some insuperable obstacle in the way. The decision, however, was based upon the fact that the establishment of that school district had been regular. The statement is correct, but the principle can have no application here. The condition here has continued only six years, and it is not manifested that the result of a separation into the two original parts would be so disastrous to public interests that the court should sanction and give effect to a proceeding wholly unauthorized, not merely to overlook a mere defect in an authorized proceeding.

While it is shown that the people of the united territory with practical unanimity have approved the issue of the bonds, carrying with it the levy and tax, and it is shown to be to the great advantage and convenience of the patrons and pupils of the Nepton district that the consolidation should have been made and should continue, nevertheless the law must be interpreted and applied as it exists. The court is therefore constrained to hold the levy of taxes upon the property lying within the Nepton subdistrict and the collection thereof for the benefit of the Elizaville graded common school district to be without authority of law. It follows that the lower court erred in refusing the injunction.

The judgment is accordingly reversed, with directions to sustain the prayer of the petition.

Whole court sitting, except Judge DIETZMAN, who was absent.