STATE v. TOWN OF BOYNTON BEACH.

156 So. 539.

Opinion Filed September 19, 1934.

*J. W. Salisbury,* State Attorney, for Appellant;
*Metcalf & Finch,* for Appellee.

DAVIS, C. J.—This was a validation proceeding brought to validate certain bonds of the Town of Boynton Beach. The circumstances of the case are substantially as follows:

The Town of Boynton,* which has been in existence for many years, issued a large number of bonds consisting of waterworks and street bonds, improvement bonds and refunding bonds, which bonds were issued to refund some of the others which had previously matured.

In 1931 the Legislature of the State of Florida passed two Acts, Chapters 15088 and 15089, one creating the Town of Boynton Beach out of a portion of the area of the old Town of Boynton. Under the terms of Chapter 15088, *supra,* Section 1, Article IV, the Town of Boynton Beach was required to assume and discharge fifty per cent. of all the lawful indebtedness of the Town of Boynton, whether

---

*Organized under Chapter 8918, Acts of 1931.

evidenced by bonds or otherwise, for which the Town of Boynton was obligated on the first day of April, 1930, less certain credits which were to be allowed.

This indebtedness consisted of refunding bonds and certain lien certificates, as well as a balance due upon a certain judgment which had been procured by the White Construction Company amounting to approximately $250,000.00. The total indebtedness of the Town of Boynton as of April 1, 1934, was computed to be $1,089,400.00, one-half of which amounted to $594,700.00.

On the 10th day of May, 1933, the Town of Boynton Beach entered into an agreement with representatives of ninety per cent. of the creditors of the Town of Boynton by which it was agreed that the creditors of Boynton would accept from the Town of Boynton Beach refunding bonds in settlement of the liability of said Town which was imposed upon it by the statute.

In pursuance of this agreement the Town of Boynton Beach on April 25, 1934, passed a resolution authorizing the issuance of $594,700.00 of bonds for the purpose of refunding or refunding that portion of the legal obligations of the Town of Boynton for which it was liable. The resolution sets out in proper form the amounts, maturities, interest rate, etc., of the various bonds and describes the debts of the Town of Boynton, which were to be refunded, including the various bonds, paving lien certificates and judgment. No question is made of the sufficiency of the resolution or the proceedings had in pursuance thereto.

The resolution also called an election in accordance with the Constitution of the State of Florida.* Such election

*Section 6 of Art. IX, Const. Florida, as amended in 1930, and Chapter 14715, Acts 1931, Gen. Laws, providing for the holding of elections by freeholders under the amended constitutional section.

was held. At this election, all of the registered voters who were freeholders (except one) who voted at the election voted in favor of the issuance of such bonds. Election was duly canvassed by the City Commission and the results declared.

Chapter 15088, creating the Town of Boynton Beach, Section 1, Article IV, did not leave to the Town of Boynton Beach, or to the Town of Boynton, or to any agreement that might be executed between them, the power to determine the portion of the debt which the Town of Boynton Beach should be liable for. The provisions of that section are:

"The Town of Boynton Beach shall assume and discharge 50% of all lawful indebtedness of the Town of Boynton, whether evidenced by bonds or otherwise, for which the Town of Boynton was obligated on the first day of April, A. D. 1930; provided, however, said total indebtedness shall be credited with the amount heretofore or hereafter collected by the Town of Boynton from the State or State Road Department, and the existing Town of Boynton shall be liable for, and discharge, the remainder of said indebtedness."

So the questions we have to decide on the record before us are: (1) Whether or not Chapter 15088, Special Acts of 1931, requiring the Town of Boynton Beach to assume fifty per cent. of the indebtedness of the Town of Boynton out of which the Town of Boynton Beach was created, was within the power of the Legislature to enact; (2) whether or not the bonds proposed and authorized by the Town of Boynton Beach should be validated in view of the refusal of the electors of the Town of Boynton to co-operate in the refunding plan approving the issuance by the Town of Boynton, of the bonds necessary to refund the other fifty per cent. of the debt required to be funded or refunded,

in order to comply with an agreement executed by the Town of Boynton with its particular creditors simultaneously with a similar agreement executed between the Town of Boynton Beach and the same creditors.

It is generally recognized that there is no restriction on the legislative power to create municipal corporations and to determine their rights, powers and liabilities unless it be found in the constitution of the State. It is likewise universally held that upon the creation of a new municipal corporation by division of an existing one and the setting up of the new one out of parts of the territory and inhabitants of the old, that the Legislature may provide for an equitable apportionment or division of properties between the two corporations, and may impose upon the people and territory disannexed from the old, an obligation to pay an equitable proportion of the existing debts outstanding at the time the division is made. Dillon on Municipal Corporations, Sections 358-360. "It is not a question open to controversy that when a political community, like a county, city or town, shall be divided and its territory reduced or set apart by the legislative authority, the Legislature may make regulations not only to apportion the property of the corporate body among the new members or communities created, but to throw the obligation to pay the debts of the entire body upon the several parts in proportion to the taxable wealth of each." Canova v. Comm'rs of Baker County, 18 Fla. 512, citing County Comm'rs of Columbia County v. King, 13 Fla. 451. Compare: Humphreys v. State, *ex rel,* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858, where it is held that this power is subject to the Federal Constitutional limitation that it must not be so employed as to impair the obligation of existing debts to the prejudice of the affected municipality's creditors.

We therefore hold the provisions of Section 1, Article IV, Chapter 15088, Special Acts of 1931, requiring the Town of Boynton Beach to assume and discharge fifty per centum of all lawful indebtedness of the Town of Boynton out of which it was created, whether evidenced by bonds or otherwise, to be a valid exercise of legislative power in the premises, and not violative of the Constitution of this State.

As to the second question we are required to decide, it appears that by appropriate election and other procedure, the Town of Boynton Beach has authorized its own bonds to be issued for the funding of its entire one-half of the three types of debt for 'which it is made liable by the 1931 statute. The fact that the Town of Boynton has held its own separate election and has refused to approve the issuance of bonds on its part to refund the remaining one-half of the liability existing against it does not affect the regularity and validity of that which has been done by the Town of Boynton Beach, nor is it material to the validity of such bonds as have been authorized by the Town of Boynton Beach, that there is no binding contract upon the part of bondholders to accept the authorized bonds of Boynton Beach in view of the failure of the Town of Boynton to carry out the terms of its own particular agreement with a bondholders' committee.

Under Chapter 15088, Acts of 1931, *supra,* the Town of Boynton Beach is authorized and required to assume and discharge fifty per cent. of all lawful indebtedness of the Town of Boynton, whether evidenced by bonds or otherwise, for which the Town of Boynton was obligated on the first day of April, A. D. 1930, subject to the credits specified in the Act. The Town of Boynton Beach is vested with authority to fund its statutory liability independently of what is done by the Town of Boynton, and the fact that the Town of Boynton has by its refusal to authorize the

issuance of refunding bonds, elected to stand liable for all that part of the total indebtedness which remains undischarged by the action taken by the Town of Boynton Beach, does not preclude the validation of bonds which have been regularly voted and are about to be issued by the Town of Boynton Beach on its own account, for the purpose of discharging the duty and liability imposed upon it by the 1931 Act creating it out of the old town of Boynton.

We find the validation decree appealed from to be in all respects valid and proper and therefore enter our judgment here that the same be affirmed.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.