Quo warranto by the State, on relation of J. Tom Watson, Attorney General, and on relation of Anna Matheson Wood, and others, co-relators, against the City of Coral Gables to oust certain lands from jurisdiction, authority, and control of city. From an adverse judgment, the city appeals.
Affirmed.
Quo warranto proceedings were instituted in the Circuit Court of Dade County, Florida, in the name of the State of Florida, by Honorable J. Tom Watson, Attorney General of Florida, as relator, and Anna Matheson Wood and husband, Willie D. Wood, Hugh M. Matheson, William J. Matheson, Hugh M. Matheson, Jr., Finley L. Matheson, Robert Hardy Matheson, William Deering Howe, Marion D. McCormick, and Barbara D. Danielson, as co-relators, against the City of Coral Gables, *Page 49 
a municipal corporation, for the purpose of ousting described lands from the jurisdiction, authority and control of said municipality on the theory that the lands of the co-relators are so peculiarly located within the incorporate limits of said city that they cannot and have not received municipal benefits, and the taxing of the co-relators' lands by the city amounts to the taking of property without due process of law.
Section 5 of Chapter 13970, Sp. Acts of 1929, Laws of Florida, established the boundaries of the City of Coral Gables. It begins at the northeast corner of Section 7, Tp. 54 South, Range 41 East, and runs south along an irregular line approximately 8 1/2 miles to Biscayne Bay; thence south into the Bay some 1500 feet; thence south-easterly to include Ragged Keys; thence northerly 1500 feet east of the shore line of Ragged Keys and Soldier Key and continues northerly 1500 feet east of the shore line of Key Biscayne; thence north to the intersection of S 1/2 of Section 28, Tp. 54 South, Range 42 East; thence west across Biscayne Bay to the mainland; thence by divers irregular and circuitous lines to point of beginning.
An accurate legal description of the lands owned by the co-relators is set out both in the information in quo warranto and the final judgment of ouster entered below. Exhibit "E," made a part of the information, is a map or plat disclosing the boundaries of the City of Coral Gables. By the map the lands are shown as a part of Key Biscayne, the northern portion thereof, by an Act of the 1947 Session of the Legislature, was created into Crandon Park, Soldier Key and Ragged Keys. Included within the municipal boundaries is a strip of the Atlantic Ocean and a cross section of Biscayne Bay. It is alleged that Ragged Keys are approximately 1.9 miles north and south and situated 2.8 miles south of Soldier Key. Soldier Key is 5.6 miles south of Key Biscayne. Some 4 or 5 miles of water separate Key Biscayne from the eastern shores or coast line of the City of Coral Gables. Soldier and Ragged Keys are separated from the mainland by water. In traveling by automobile from the municipal hall of Coral Gables to Biscayne Key it is necessary to traverse 4 miles of the streets of the City of Miami; thence 5 miles to Crandon Park and then 2 more miles to the nearest point of Biscayne Key, a distance of 11 miles; if by boat or plane approximately 5 miles.
It is not disputed that the lands of the co-relators are isolated by many miles of land and waters of Biscayne Bay and from the business and residential sections of Coral Gables; that the lands are devoted partly to horticultural purposes and are partly wild and unimproved, and because of this isolation it is very difficult for the City of Coral Gables to render municipal services or benefits to co-relators' lands. The city does not maintain on the lands streets, water, light, police or fire protection, but the lands are now subject to taxation by the City of Coral Gables for all municipal purposes as other property within the city limits now being taxed by it and receiving benefits. The court below entered a judgment of ouster and the City of Coral Gables appealed.
It is contended here that the co-relators are guilty of laches and are now estopped by acquiescence to maintain this quo warranto proceeding. It is pointed out that the location of co-relators' lands within the city was known to them and their predecessors in title and they made no objection until the filing of the suit at bar. The charter of the city authorized the issuance and the city did issue $1,000,000 of general obligation bonds; during the year 1926 it issued $4,532,000 and $1,237,000 in general obligation improvement bonds; that legal steps were taken during the period to refund some of these bonds and the co-relators, nor their predecessors in title, offered any legal objections to the validation proceedings or the refunding steps taken by the city and therefore cannot now be heard in this ouster proceeding.
Pertinent provisions of an able opinion prepared by Circuit Judge Hawthorne are full and complete answers to the several contentions of counsel for appellant, and are viz.:
"The information in this case was filed in the name of the state, on the relation of the Attorney General. It was therefore *Page 50 
emphatically the duty of the respondent to answer the allegations of the information fully and specifically, showing just exactly what the city had done or failed to do or planned to do with respect to furnishing municipal benefits to the described territory owned by the co-relators. State ex rel. Davis v. City of Stuart, 97 Fla. 69, 120 So. 335, 353, 64 A.L.R. 1307.
"The information alleged a total absence of municipal benefits. The return alleged speculative future benefits. This is not a sufficient answer. State ex rel. Davis v. Town of Lake Placid,109 Fla. 419, 147 So. 468, 472; City of Coral Gables v. State, ex rel. Landis, 129 Fla. 834, 177 So. 290, 292.
"The return, while denying the `isolation' of the lands of the co-relators, admitted in full detail the separation of Key Biscayne from the mainland by several miles of the waters of Biscayne Bay. The physical facts of this case bear a striking similarity to those in the case of State ex rel. Davis v. City of Stuart, supra, in which case judgment of ouster was entered. Other cases wherein the acts of the Legislature incorporating too large a territory were set aside include State ex rel. Davis v. Town of Lake Placid, supra; State ex rel. Landis v. Town of Boynton Beach, 129 Fla. 528, 177 So. 327; City of South Miami v. State ex rel. Landis, 140 Fla. 740, 192 So. 624; and City of Coral Gables v. State ex rel. Landis, supra.
"On the question of laches, or estoppel by acquiescence, much has been written. An act void in its inception will not become valid by the passage of time. State ex rel. Landis v. Town of Lake Placid, 121 Fla. 839, 164 So. 531, 534; State ex rel. Landis v. Town of Boca Raton, 129 Fla. 763, 177 So. 293. The case of State ex rel. Landis v. Town of Boynton Beach, supra, recognizes that there is some confusion as to the circumstances under which estoppel by laches may be invoked in this type of case. After a careful analysis of the cases on the subject, the Court announced, 177 So. at page 330:
"`A careful reading of these cases discloses that in those instances when the Legislature has palpably abused its prerogative by incorporating lands in a municipality totally devoid of the elements essential thereto, the act is void ab initio as to such lands and may be moved against at any time.'
"Municipal bonds have been issued and validated, and refunding bonds have been issued and validated while the lands of the corealtors have been within the corporate limits of the municipality. The bondholders are not parties to this action, and their rights, if any, with reference to lands included within the municipality when the bonds were issued, are not affected by the adjudication of this cause. State ex rel. Attorney General v. City of Avon Park, 108 Fla. 641, 149 So. 409; Town of Davenport v. Hughes, 147 Fla. 228, 2 So.2d 851, certiorari denied 314 U.S. 681, 62 S.Ct. 183, 86 L.Ed. 545; Richmond v. Town of Largo,155 Fla. 226, 19 So.2d 791; Certain Lands etc., v. Town of Lake Placid, Fla., 31 So.2d 249.
"The Court is of the opinion that the lands of the co-relators are totally devoid of municipal benefits and that judgment of ouster should be entered.
 * * * * * *
"It is further considered, ordered and adjudged that the act of the Legislature incorporating said City of Coral Gables, being Chapter 13970, Laws of Florida, 1929, so far as the above lands of the co-relators are concerned, be and the same is hereby declared to be unconstitutional and void.
"It is further considered, ordered and adjudged that this order is made without prejudice to the rights, if any, of the holders of all municipal bonds of said City of Coral Gables whose bonds were issued during the time said lands of the co-relators remained within the corporate limits of said municipality."
It is our conclusion that the case at bar is ruled by State ex rel. Davis v. City of Stuart, 97 Fla. 69, 120 So. 335, 64 A.L.R. 1307, and similar cases.
Affirmed.
THOMAS, C.J., and TERRELL, SEBRING, BARNS, and HOBSON, JJ., concur.
ADAMS, J., dissents. *Page 51