**Eric O'HARA et al., Appellants,**

v.

**The CITY OF SOUTH FORT MITCHELL,
Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

Rehearing Denied June 8, 1956.

John R. Blakely, Blakely, Moore & Blakely, Covington, for appellants.

James C. Ware, Covington, for appellee.

CULLEN, Commissioner.

On January 24, 1951, the City of South Fort Mitchell, a city of the fourth class, undertook by ordinance to annex a portion of land in Kenton County which included the appellants' property. The ordinance was published in three issues of the Kentucky Post, which is a daily newspaper serving that area, and a petition to annex the property was then filed in the Kenton Circuit Court. Notice of the suit was published in three issues of the Kentucky Post. No remonstrance was made and on September 5, 1951, a judgment was entered annexing the property to the city. On August 19, 1955, the appellants filed a

motion in the Kenton Circuit Court to set aside as void the judgment of annexation. From a judgment dismissing the motion this appeal is taken.

The issues presented involve the construction of KRS 81.210. The pertinent parts of that statute are as follows:

"* * * The ordinance shall be published for not less than three weeks in a newspaper published in the city or county * * *. Within thirty days after the adoption, publication and advertisement of the ordinance, a petition shall be filed in the circuit court * * * praying for a judgment to annex the territory * * *. Notice of the filing of the petition shall be given in the same manner as notice of passage of the ordinance. * * * The circuit court shall not have jurisdiction of the proceedings unless the required publication or advertisement of the ordinance contains notice of the proposed proceedings in the court. * * *"

Appellants contend that the judgment of annexation is void for three reasons: (1) The ordinance was not published *for* three weeks; (2) Notice of the court proceedings was not published *for* three weeks; (3) the publication of the ordinance did not contain notice of the proposed proceedings in court.

■ The appellants are correct in their contention that publication of the ordinance, and of the notice of suit, only once a week in the local *daily* newspaper over a period of three weeks, did not constitute compliance with the statutory requirement that notice be published "for" three weeks. Where there is a daily newspaper, publication "for" three weeks means publication *every day* for three weeks, excluding Sundays. Hatfield v. City of Covington, 177 Ky. 124, 197 S.W. 535; Jenkins v. City of Bowling Green, 251 Ky. 119, 64 S.W.2d 457; Fisher v. Booher, 269 Ky. 501, 107 S.W.2d 307.

■ The requirement of publication in proceedings of this nature is jurisdictional,

and a material noncompliance will invalidate the proceedings. Jenkins v. City of Bowling Green, 251 Ky. 119, 64 S.W.2d 457; Booth v. Copley, 283 Ky. 23, 140 S. W.2d 662. There is no basis for a contention here that compliance was substantial, as was the case in Hall v. Sturgill, 305 Ky. 445, 204 S.W.2d 496, where only one day of publication was missed. Nor is there any contention that the ordinance and suit received widespread general publicity, as was the case in Queenan v. City of Louisville, 313 Ky. 816, 233 S.W.2d 1010.

■ Affidavits were filed on behalf of the city, to the effect that officials of the city discussed the proposed annexation with the affected property owners, before the ordinance was adopted, and a general understanding was reached as to what services the city would provide after annexation, and what the tax assessments would be. Some of the affidavits recite that the annexation was "completed by mutual consent." However, the affidavits taken as a whole show no more than that the property owners indicated an attitude of acquiescence in the proposed plans for the annexation, and there is nothing in the affidavits to show that the owners agreed to waive notice of the proceedings or contracted not to protest the annexation suit. We can find no basis for a holding that the pre-annexation discussions could dispense with the publications required by the statute.

■ The city argues that the property owners are estopped to deny the validity of the annexation judgment. This is on the theory that they accepted the benefits of the annexation for more than four years, by receiving police and fire protection, and garbage disposal, and by participating in the city elections. However, in return for these they paid city taxes.

Obviously, the common elements of an estoppel are not present, because the property owners did not mislead the city to its disadvantage, or deceive the city, or receive benefits disproportionate to the burdens they assumed. There is nothing to

show that the property owners acquired knowledge of the invalidity of the annexation proceedings any substantial period of time before they moved to vacate the judgment.

The city relies upon such cases as Hardwick v. Poole, 313 Ky. 706, 233 S.W.2d 419; People v. City of Le Roy, 293 Ill. 278, 127 N.E. 695; State ex rel. West v. City of Des Moines, 96 Iowa 521, 65 N.W. 818, 31 L.R.A. 186; Black v. Town of Brinkley, 54 Ark. 372, 15 S.W. 1030; Lowden v. Hooper, 188 Okl. 595, 112 P.2d 172; Rocky Hill Inc. Dist. v. Hartford Rayon Corp., 122 Conn. 392, 190 A. 264; and State ex rel. Landis v. Town of Boynton Beach, 129 Fla. 528, 177 So. 327. In those cases, substantial permanent improvements had been made, or bonds issued, or other complicating circumstances existed. While the courts spoke of laches or estoppel, it is apparent that the real reason for refusing to set aside the annexations was the *great public inconvenience* that would result. Obviously, the courts felt that to void the annexations would result in hopeless confusion as concerned financial liabilities and legal rights.

In the record before us, there is nothing to indicate that great public inconvenience would result from declaring the annexation void. No permanent improvements have been made in the annexed area, nor have any bonds been issued or other complicating financial commitments incurred. The lapse of time has not been so great as to make intolerable the consequences of voiding the annexation. The following statement from Palmer v. Elizaville Graded Common School District, 235 Ky. 75, 29 S.W.2d 648, at page 649, wherein a purported annexation of territory by a school district was held void after six years, is appropriate:

"* * * The condition here has continued only six years and it is not manifested that the result of a separation into the two original parts would be so disastrous to public interests that the court should sanction and give effect to a proceeding wholly unau-

thorized, not merely to overlook a mere defect in an authorized proceeding."

It is our opinion that the court erred in not declaring the annexation proceedings void.

The judgment is reversed, with directions that it be set aside and a judgment be entered in conformity with this opinion.