SMITH, Judge.
This action arose by an “information in the nature of Quo Warranto” filed by the Relator (appellant), Bankers Life and Casualty Company, against the Respondent (appellee), Village of North Palm Beach, *379 seeking ouster of Relator’s lands from the Municipality. The Court found as follows:
“ * * * [T]he Relator has failed to prove the material allegations of the Information herein; that the Respondent municipality and its officials are lawfully exercising the functions and franchises of a municipal corporation •over the lands in the Village owned by Bankers Life and Casualty Company; that the Relator, through its officials, participated in the creation of the Village, in the management of its governmental affairs and has, from time to time, utilized knowingly the municipal services and functions of the Village; and finally, that the Relator is estopped to seek the ouster of its lands from the Villiage of North Palm Beach.”
The Court then entered a final judgment adverse to the Relator.
The Relator contended below that the Special Act of the Legislature, Chapter 31481, Laws of Florida, Extraordinary Session 1955-1956, establishing and creating the Village of North Palm Beach, was unconstitutional. The Courts will not pass upon the constitutionality of statutes if the case may be properly decided on other grounds. State v. Bruno, Fla.1958, 104 So.2d 588; Peters v. Brown, et al., Fla.1951, 55 So.2d 334.
The Relator contends that in the case of State ex rel. Landis v. Town of Boynton Beach, 1937, 129 Fla. 528, 177 So. 327, the Court established as the law in Florida the fact that a legislative act which incorporates into a municipality lands lying on both sides and separated by a body of water is void ab initio because the lands are not contiguous. We do not so construe that decision. We take judicial knowledge of the fact that there are many municipalities in Florida, created by legislative act, where the two land parts of the municipality are separated by a body of water (as is the case of many cities located on the coastal areas of Florida) and that fact alone does not cause all of these legislative acts to be unconstitutional, nor void ab initio.
The evidence in this case discloses that the Relator owned lands extending from the Atlantic Ocean across and for a considerable distance west of Lake Worth. It evolved a comprehensive plan of development for all of its lands which were then all undeveloped. It then sold practically all of its lands that were located on the west side of Lake Worth with the requirement upon its vendee that the lands so sold be developed according to the plan. The plan contemplated a causeway and bridge across the lake to connect the two bodies of land, but this has not been constructed. A part of the plan included the incorporation of the lands into a municipality as was done by the legislative act. Since that time there has been substantial development on the lands situated west of Lake Worth.
The Relator made a one hundred (100%) percent loan to its vendees to build a water and sewer system with a designed capacity to serve the lands on both sides of the lake. Two of its officers were named in the legislative act as members of the first City Council. The Relator, through its officers, otherwise participated in the overall plan of development, the formation of the municipality, and dealt with the City in matters of zoning, establishing a bulkhead line, and otherwise participated in its municipal government, without objection to its existence for almost three years. Although the testimony shows that its lands located east of Lake Worth are undeveloped and that they receive few municipal services, the testimony does show that its lands are suited for municipal purposes and not totally devoid of the elements essential for these lands to be incorporated in this municipality by this legislative act.
We conclude, therefore, that the Court properly found that even though the benefits to the Relator’s lands were remote or prospective, that its lands were included in the municipal corporation through its encouragement in which it acquiesced for *380 almost three years, and the Court, therefore, properly applied the doctrine of estoppel by laches. See State ex rel. Landis v. Town of Boynton Beach, supra; State ex rel. Davis v. City of Eau Gallie, 1930, 99 Fla. 579, 126 So. 124.
The judgment is affirmed.
SHANNON, C. J., and WHITE, J., concur.