**BOWLING GREEN–WARREN COUNTY AIRPORT BOARD et al., Appellants,**

**v.**

**L. K. LONG et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 9, 1962.

Rehearing Denied Feb. 15, 1963.

G. D. Milliken, Jr., B. G. Davidson, Marshall Funk, Bowling Green, for appellants.

Bell, Orr & Reynolds, Coleman, Harlin & Orendorf, Parker Duncan, Bowling Green, for appellees.

WADDILL, Commissioner.

On July 30, 1957, the Bowling Green-Warren County Airport Board instituted this proceeding against appellees to condemn, from their three farms, land needed for the construction of a 1200 foot extension of the airport's north-south runway. Upon trial in the circuit court the aggregate verdicts were $39,024.00 for about 49 acres taken and $35,400.00 for consequential damages. As grounds for reversal it is urged that the court erred in permitting the jury to consider incompetent evidence and in excluding competent evidence and that the damages are excessive.

■ There were differences in the estimates of value of appellees' property. The principal source of the disagreement was that the witnesses for the appellants considered the property as only unimproved farm land while those for the appellees re-garded all the land as adaptable for division into residential lots. In this connection appellants contend that the court over objection permitted incompetent testimony concerning the estimates of value of the land being taken on the basis of its susceptibility for use as a subdivision. Adaptability for particular purposes for which the land may reasonably be used is a proper element for the witnesses to consider in arriving at their estimates of the value of the land. East Kentucky Rural Electric Cooperative Corporation, Inc. v. Smith, Ky., 310 S.W.2d 535. Since there was testimony that appellees' land in its entirety was adaptable for subdivision purposes and there was a reasonable expectation that in the near future it could have been divided into lots, appellees were entitled to have the probative value of this evidence considered by the jury. Commonwealth Dept. of Highways v. Vincent, Ky., 357 S.W.2d 678.

■ Appellants also contend that testimony relating to the sale prices of several lots located near appellees' property was incompetent because they were not shown to be comparable to appellees' land. While the court's failure to exclude this testimony constituted error, it does not require reversal of these judgments. We reach this conclusion for the reason that upon a consideration of the whole case the testimony in question did not have enough significance to be prejudicial.

■ Appellants further assert that the court erred in excluding certain airport zoning ordinances which had been adopted by the Fiscal Court of Warren County and by the General Council of Bowling Green. The proffered exhibits are not in the record. However, the proved resolution of the fiscal court recites that its order was to regulate and restrict the height of structures and create airport or approach zones and transition boundaries in the vicinity of the Bowling Green Municipal Airport. The obvious purpose of the offered evidence was to show that appellees' land in the immediate vicinity of the proposed runway was

already subject to restrictions and thus to minimize incidental damages. The ground of exclusion of the ordinances was that in their enactment the terms of the enabling statute had not been complied with. The statute in effect at the time, KRS 183.754 (1953 edition), authorized the legislative body of a county or any political subdivision to adopt airport zoning regulations after a public hearing in relation thereto upon at least fifteen days' newspaper notice thereof.

The Court heard evidence in chambers that upon a diligent search of the local newspapers no legal notice of a public hearing on the proposed adoption of the ordinances could be found. There was no countervailing evidence nor evidence that public hearings were held. The evidence overcame the presumption of validity of the ordinances.

■■ Provisions in a statute outlining the procedure by which a zoning ordinance may be adopted are generally mandatory, and such ordinance if adopted is invalid where it was not passed as provided in the enabling statute. Failure to meet the prerequisite statutory requirement as to notice and a public hearing renders the ordinance invalid. City of Somerset v. Weise, Ky., 263 S.W.2d 921; cf. Louisville and Jefferson County Planning & Zoning Comm. v. Ogden, 307 Ky. 362, 210 S.W.2d 771; 8 McQuillin, Sections 25.251, 25.58; 58 Am. Jur., Zoning, Sections 9, 10; 101 C.J.S. Zoning §§ 11, 45, 47; 1 Yokley, Zoning Law. & Pct., Sections 72, 87. An invalid zoning enactment or regulation does not affect the right of owners to use their property within the alleged zone as they see fit. 101 C.J.S. Zoning § 22.

Appellants maintain the ordinances may not be collaterally attacked and the appellees were estopped to question their validity.

■ The validity of an ordinance usually can be attacked only directly and not collaterally. But if an ordinance is void in the sense that the legislative body had no constitutional or statutory power to pass it or it was never legally enacted, it may be collaterally attacked. 6 McQuillin, Section 20.14.

■■ It is a generally accepted rule that one who recognizes an ordinance and treats it as in force for a period of years may, under the circumstances, be precluded from challenging its validity. But all essential elements of estoppel must be present. 6 McQuillin, Section 20.12; Palmer v. Elizaville Graded Common School District, 235 Ky. 75, 29 S.W.2d 648; O'Hara v. City of South Ft. Mitchell, Ky., 290 S.W.2d 455. In the instant case there was no indication that any of the appellees ever acquiesced in the purported zoning or that the terms of the ordinances and regulations were ever tried to be imposed upon their property during the nine years since their adoption. The elements of estoppel are lacking, and the court properly rejected the evidence.

■ We come to the question of whether the verdicts are excessive. The awards of $800 per acre for the land taken are amply justified under the proof. We therefore hold the verdicts in that respect are not excessive. However, a more serious question is presented concerning whether the awards for consequential damages are sustainable under the peculiar circumstances involved herein.

The testimony relating to consequential damages was not confined to factors which would properly show this character of damage. Specifically, the appellants' evidence established that regulations prescribed by the Federal Civil Aeronautics Board require "approach zones" at the end of a runway, and "turning zones" and "transition zones" over land adjacent to the runway. In some parts of these zones planes may fly as low as five feet above the ground. The erection of any structure that would impede flying operations within 1000 feet of the runway is prohibited. As the regulations pertain to appellants' airport these

flight zones were specifically described and identified and shown to be necessary in the operation of the airport. Under our view of the case the testimony showed that appellants were not only condemning 49 acres of appellees' land for the airport runway but were also establishing their right to a certain use of the air space above additional acreage of the appellees.

Appellees were entitled to receive compensation for the latter "taking" since the condemnation of land does not ipso facto include the right to invade the reasonable air space of adjacent land. In United States v. Causby, (1945) 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206, it was held that the invasion of air space by frequent and regular flights of low flying planes was a "taking," in the constitutional sense, of an air easement for which compensation must be made. This case was followed in Griggs v. County of Allegheny, Pa., (1962) 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585. Also see Swetland v. Curtiss Airports Corp., 6 Cir., 55 F.2d 201, 83 A.L.R. 319; Reaver v. Martin Theatres of Florida, Fla., 52 So. 2d 682, 25 A.L.R.2d 1451; 6 Am.Jur., Aviation, Sections 3, et seq.; 2 C.J.S. Aerial Navigation §§ 3, 4, 5.

Although the pleadings in this case did not expressly seek to condemn air easements pursuant to KRS 183.122, evidence was introduced without objection showing (in substance, if not in so many words) that such easements were being "taken" and it is apparent to us that the verdict for consequential damages included what was in reality an award for the "taking" of such easements. Under this determination the awards made for consequential damages are justified.

This was not a proper procedure, and is not approved for future cases, but in view of the relative novelty of the problem in this jurisdiction and the hardship that would result to all the parties (who have been engaged in this litigation since 1957) if a new condemnation proceeding were required in order to obtain and establish the compensation for easements that both sides, through treating their use and exercise as an element of consequential damages, have necessarily considered as already taken, we invoke CR 15.02 and deem the pleadings to be amended to conform to the issues that were tried. This rule may be invoked even though the appellate level has been reached. Coleman v. Greer, Ky., 343 S.W.2d 584; Purofied Down Products Corp. v. Travelers Fire Insurance Co., 2 Cir., 278 F.2d 439.

Accordingly, the judgment must be amended so as to convey the air easements over appellees' land to the Bowling Green-Warren County Airport Board which were identified and described in appellants' exhibit number 6.

As amended in accordance with the foregoing opinion, the judgment is affirmed.

MONTGOMERY and BIRD, JJ., dissenting.