PEARSON, Judge.
The appellant, The Tropical Audubon Society, Inc., was the relator in an information for the issuance of a writ of quo warranto challenging the validity of the formation of the respondent, City of Islan-dia, Florida. The other appellees were also made respondents as the principal organizers of the city. A rule to show cause was issued and the respondents filed a motion to strike portions of the information and a motion to quash the writ and dismiss the information. The trial court entered the following order on those motions:
“1. Defendants’ motion to strike is granted, and paragraphs III, IX and X of relator’s information for the issuance of a writ of quo warranto are hereby striken.
“2. Defendants’ motion to quash is granted, and the rule to show cause heretofore issued herein is hereby quashed and relator’s information for the issuance of a writ of quo warranto is hereby dismissed.
“3. Relator is hereby granted leave to file and amended information for the issuance of a writ of quo warranto within thirty days from and after the date hereof.”
After appellant declined to file an amended information, a final judgment was entered, and this appeal followed.
The appellees did not file an answer to the information but chose to test its sufficiency by a motion to quash. They thereby, for the purposes of the motion, admitted the truth of the allegations of the information. The question the court below then had to answer was whether those alie- *429 gations were sufficient to entitle the appellant to the relief sought. See Attorney General ex rel. Wilkins v. Connors, 27 Fla. 329, 9 So. 7 (1891).
The following are some of the sworn allegations of the information: (a) there were no qualified electors permanently residing within the area of the proposed municipal boundaries; (b) there were no electors voting and residing within the proposed boundaries; (c) the persons who were appointed to the charter commission by the Board of County Commissioners were not qualified as electors residing within the proposed municipal boundaries; and (d) the Planning Advisory Board of Dade County did not recommend the creation of a municipality to the Board of County Commissioners prior to the adoption of the ordinance which created the City of Islandia. It appears that these allegations are matters which would ordinarily call for an answer.
The appellees urge that they were unworthy of an answer because (1) the information was defective since it failed to allege an absence of municipal services and since it failed to recognize the legislative power of the Dade County Commission to incorporate uninhabited land; (2) laches bars appellant’s objections to the procedural defects in incorporating the municipality-
The description of the topography and the population of the City of Islandia as alleged in appellant’s information is notably similar to the description of the topography and population of the municipality involved in State ex rel. Landis v. Town of Boynton Beach, 129 Fla. 528, 177 So. 327 (1937). The court there held that the legislative power to create municipalities is not absolute but is “limited by the requirement that the elements which necessitate or make desirable the creation of a municipal corporation must be present.” 177 So. at 329. Continuing its thought, the court declared:
“The elements essential to constitute a municipal corporation comprehend an area of contiguous territory sufficiently populated and industrialized to make it necessary or desirable that it be incorporated into a municipality in order that additional and better governmental services such as police protection, sanitary improvement, lights, water, electricity, sewerage disposal, paved streets, and other municipal conveniences be provided. Such services may be furnished by the municipality or by private parties under contract with the municipality.
“Until a proposed municipality has attained this status or some appreciable degree of it, there is no,predicate for incorporating it as such.”
We think the principles enunciated in the Boynton Beach case require us to reverse the judgment in the present case. We hold that the allegations of the information regarding the topography and population and the other allegations we listed above require the appellees to meet the issues those allegations raise. Appellees’ point urging that a county commission has legislative power to incorporate uninhabited land is also governed by the Boynton Beach case.
Appellees’ point which urges that the information is defective because it did not allege an absence of municipal services is not applicable because the present information is not directed towards a judgment of ouster of a specific piece of property from the municipality but is an attack upon the legal existence of the municipality. Since the appellant urged in the trial court that the character of the area and the procedural irregularities in the formation of the City of Islandia rendered the formation itself void, to require an allegation of the absence of municipal services under these circumstances would be inconsistent and irrelevant.
Appellees also argue that appellant’s information was correctly dismissed because appellant was guilty of laches. *430 They base this argument on the ground that a writ of quo warranto is a discretionary writ. See State ex rel. Davis v. City of Eau Gallie, 99 Fla. 579, 126 So. 124 (1934). They urge that the court properly exercised its discretion by quashing the writ and dismissing the information because the appellant had been delinquent in bringing its action. We think this argument must fail because a trial court must base a discretionary act upon some principle of law; it may not act capriciously. See Holstun & Son v. Embry, 124 Fla. 554, 169 So. 400, 404 (1936). In the instant case the doctrine of laches is not applicable at this stage of proceedings because there is no finding that the respondents have suffered any prejudice from delay. See, e.g., Jumper Creek Drainage Dist. v. State ex rel. Davis, 155 Fla. 669, 21 So.2d 459 (1945). We conclude that the trial court erred in quashing the writ and dismissing the information.
We now turn to the portion of the-trial judge’s order which granted appellees’ motion to strike paragraphs III, IX, and X of the information. Paragraphs IX and X impugn the motives of the County Commissioners of Dade County in the legislative act of creating the municipality, City of Islandia. These allegations were patently improper and appellant does not contend that the striking of these paragraphs from its information was error. The other stricken paragraph (III) charges that § 5.-05 of the Charter of Metropolitan Dade County is unconstitutional. The appellees urge that this paragraph was correctly stricken because it was completely without merit. See Dade County v. Kelly, Fla.1958, 99 So.2d 856, and Dade County v. Young Democratic Club of Dade County, Fla.1958, 104 So.2d 636. We think it would be improper for us to decide the constitutionality of the questioned section of the charter at this time. But we think the striking of paragraph III by the court below was improper since the striking was a decision _ on the merits prior to a hearing on the merits. We therefore affirm that portion of the order which granted the motion to strike paragraphs IX and X but reverse that portion of the order which granted the motion to strike paragraph III.
The final judgment is reversed in part and remanded for further proceedings.